IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

**SHANNON DAVIS**                                                                                    **PLAINTIFF**

vs.                                                            No. 3:20-cv-5888

**LITTLEROCK FAMILY MEDICINE, P.S.,**                                                  **DEFENDANTS**
**and W. KIRK HARRIS**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Shannon Davis ("Plaintiff"), by and through her attorneys April Rhéaume and Jon R. Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Defendants Littlerock Family Medicine, P.S., and W. Kirk Harris (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I.   INTRODUCTION

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), the Washington Minimum Wage Act, RCW 49.46 ("WMWA"), the Washington Wage Rebate Act, RCW 49.52 ("WRA"), and the Washington Wage Payment Act, RCW 49.48 ("WPA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, as a result of Defendants' failure to pay Plaintiff an overtime premium for hours worked over forty each week as required by the FLSA, the WMWA, the WRA and the WPA.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA, the WMWA, the WRA and the WPA as described, *infra*.

## II.   JURISDICTION AND VENUE

3. The United States District Court for the Western District of Washington has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges Washington state law violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Tacoma Division of the Western District of Washington. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff is a citizen and resident of Grays Harbor County.

7. Separate Defendant Littlerock Family Medicine, P.S. ("LFM"), is a Washington professional service corporation.

8. Defendant LFM's registered agent for service is Littlerock Family Medicine, at 6981 Littlerock Road SW, Tumwater, Washington 98512.

9. Separate Defendant W. Kirk Harris ("Harris") is an individual and resident of Washington.

10. Defendant maintains a website at http://www.wkirkharrismd.com/.

## IV.   FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12. Defendants own and operate a family medical practice and walk-in clinic.

13. Harris is an owner, principal, officer and/or director of LFM.

14. Harris manages and controls the day-to-day operations of LFM, including but not limited to the decision to not pay Plaintiff an overtime premium.

15. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

16. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as medical supplies and medical equipment.

17. Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) at all times relevant to this lawsuit.

18. At all times material hereto, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA.

19. Plaintiff was employed by Defendant at Defendant's medical office in Tumwater during the time period relevant to this lawsuit.

20. Specifically, Plaintiff was employed by Defendants as an hourly-paid office manager from May of 2015 until July of 2020.

21. Despite paying Plaintiff an hourly wage rather than a salary, Defendants classified Plaintiff as exempt from the overtime requirements of the FLSA.

22. When Plaintiff worked fewer than forty hours in a week, she was only paid

for hours worked—in other words, she did not receive a predetermined amount of compensation that did not vary based on the numbers hours she worked.

23. When Plaintiff worked over forty hours in a week, she was paid her regular rate for all hours worked and was not paid an overtime premium for hours worked over forty.

24. Plaintiff regularly worked in excess of forty (40) hours per week.

25. Plaintiff was regularly required to work off the clock during the evening after her shift had ended, responding to calls and texts from other employees.

26. Plaintiff estimates she worked up to four hours off the clock each week which went uncompensated.

27. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA.

## V.   FIRST CLAIM FOR RELIEF—Violation of the FLSA

28. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

29. At all relevant times, Plaintiff has been entitled to the rights, protection, and benefits provided by the FLSA.

30. At all relevant times, Plaintiff has been an "employee" of Defendant as defined by 29 U.S.C. § 203(e).

31. At all relevant times, Defendant was an "employer" of Plaintiff as defined by 29 U.S.C. § 203(d).

32. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 in one week and to pay

1.5x their regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

33. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

34. Despite Plaintiff's entitlement to overtime payments, Defendant failed to pay Plaintiff an overtime premium as required under the FLSA.

35. At all relevant times, Defendant willfully failed and refused to pay Plaintiff a proper overtime premium under the FLSA because Defendant paid Plaintiff her regular hourly rate for all hours worked over forty (40) in a week.

36. Defendant failed to pay Plaintiff for all hours worked.

37. Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of overtime wages owed.

38. Defendant's violations entitle Plaintiff to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

39. Plaintiff is entitled to an award of her attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

### VI.   SECOND CLAIM FOR RELIEF—Violation of the WMWA

40. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

41. Plaintiff was at all relevant times herein employees under RCW 49.46.010(3).

42. RCW 49.46.130 requires employers to pay employees one and one-half

times the regular rate at which they are employed for all hours worked over forty per week.

43. Employers who violate RCW 49.46.130 are liable, under RCW 49.46.090, to the affected employees in the amount of unpaid wages, costs, attorneys' fees and other relief appropriate under the law.

44. Defendant's policies and practices as described above violate RCW 49.46.130 because Defendants failed to compensate Plaintiff at the required overtime rate.

45. Defendant's violations entitle Plaintiff to compensatory damages calculated as the full amount of overtime wages owed.

### VI.   THIRD CLAIM FOR RELIEF—Violation of the WRA

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

47. At all relevant times herein, Plaintiff was an employee under RCW 49.46.010(3) and RCW 49.52.050.

48. RCW 49.52.050 states that any employer who "[w]illfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract . . . shall be guilty of a misdemeanor."

49. Defendant's failure to pay Plaintiff proper wages was willful and therefore violated RCW 49.52.050.

50. RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, plus attorneys' fees and costs.

51.     Defendants have willfully deprived Plaintiff of wages owed to her, and pursuant to RCW 49.52.070, Plaintiff is therefore entitled to recover twice the amount owed in unpaid wages, as well as attorneys' fees and costs.

## VII.     FOURTH CLAIM FOR RELIEF—Violation of the WPA

52.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

53.     At all times relevant herein, Plaintiff has been an employee under RCW 49.48.010.

54.     RCW 49.48.010 states that when an employee ceases to work for an employer, "the wages due to him or her on account of his or her employment shall be paid to him or her at the end of the established pay period."

55.     Defendant did not pay Plaintiff wages due to her at the end of the established pay period.

56.     Plaintiff is therefore owed all wages due to her under RCW 49.48.010.

## VIII.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Shannon Davis respectfully requests this Court grant the following relief:

A.     That each Defendant be summoned to appear and answer herein;

B.     That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to them;

C.     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

    D.    A declaratory judgment that Defendant's practices alleged herein violate the WMWA, the WRA and the WPA;

    E.    Judgment for damages for all unpaid back wages at the proper overtime rate owed to Plaintiff from a period of three (3) years prior to this lawsuit through the date of trial under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

    F.    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

    G.    Judgment for damages under the WMWA, the WRA and the WPA;

    H.    An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

    I.    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF SHANNON DAVIS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Jon R. Sanford*
Jon R. Sanford
WA Bar No. 54557
jon@sanfordlawfirm.com